UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANDRE LAMONT WILLIAMS, ) <br> ) <br> Defendant. ) | Cause No.  1:12-cr-0037-SEB-MJD-1 <br> 1:18-cr-0327-SEB-DML-1 |

**REPORT AND RECOMMENDATION**

On September 4, 2020, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on April 17, 2020. Defendant Williams appeared in person with his appointed counsel Sam Ansell. The government appeared by Lawrence Hilton, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Troy Adamson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Williams of his rights and ensured Defendant had a copy of the Petition. Defendant Williams orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Williams admitted violation nos. 1, 2, and 3 as set forth in the Petition. [Dkt. No. 66.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall refrain from any unlawful use of a controlled substance."** |

As previously reported to the Court, on January 17, 2020, the offender submitted a urine sample which tested positive for Cannabinoids, Cocaine, and Amphetamine. He admitted he used all three substances. On January 24, 2020, the offender submitted a urine sample which tested positive for Amphetamines. He admitted he previously used the substance. On February 24, 2020, Mr. Williams submitted a urine sample which tested positive for cocaine and amphetamines. On February 26, 2020, he submitted a urine sample which tested positive for cannabinoids and cocaine. He denied using the substances for both tests, and the samples were forwarded to Alere Laboratory where they confirmed as positive.

| | |
|---|---|
| 2 | **"The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer."** |

On March 31, 2020, the probation officer sent a text to the offender inquiring about his whereabouts for the following day in order to set up a visit. He did not respond.

On April 1, 2020, the probation officer attempted contact with the offender at his residence, but there was no answer. A business card was left in the door for a return contact, which he failed to do.

On April 3, 2020, a noncompliance letter was mailed to Mr. Williams last known residence. He was instructed to call the probation officer on or before April 11, 2020, at noon. He did not contact the probation officer.

On April 11, 2020, the offender participated in a virtual drug treatment therapy session with Take Back Control. The therapist instructed him to contact his probation officer, which he has failed to do.

On April 14, and 16, 2020, the probation officer sent the offender texts with instructions to call as soon as possible. On April 14, 2020, a voice mail was left for him to call as soon as possible. On April 17, 2020, a Supervisory Probation Officer left a voice mail for Mr. Williams explaining our office had exhausted all efforts to try and contact him, and that failure to return his call would result in court action. The offender did not respond.

Multiple attempts have been made to contact Mr. Williams, but he has not responded as required. He was last seen in the probation office on March

        10, 2020, and appears to have ceased all communications with this officer. His current whereabouts is unknown.

3      **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program ."**

        Mr. Williams was referred for drug treatment at Take Back Control on February 1, 2020. Due to his significant addictions he was required to attend two drug treatment sessions monthly; however, he only attended one session in February and March 2020, and a virtual session on April 11, 2020. Additionally, he is required to provide two urine samples every month to the random urine testing call in line. Mr. Williams provided one sample on February 26, 2020, and has provided no samples in March or April 2020.

        On April 11, 2020, during a virtual drug therapy session, the offender advised the therapist he had not left his house during the the COVID-19 pandemic due to being scared of the virus. He has not contacted the probation officer at any point to discuss his concerns over the health crisis.

4.      The Court finds that:

    (a)      The highest grade of violation is a Grade B violation.

    (b)      Defendant's criminal history category is VI.

    (c)      The range of imprisonment applicable upon revocation of supervised release, therefore, is 21 to 24 months' imprisonment.

5.      The parties jointly recommended a sentence of twenty-one (21) months incarceration with no supervised release to follow. Defendant requested placement at FCD Manchester, Kentucky.

        The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in the Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months with no supervised release to follow. The Defendant is to be taken into custody

immediately pending the District Judge's action on this Report and Recommendation. The Magistrate Judge further recommends Defendant's placement at FCI Manchester, Kentucky.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: 4 SEP 2020

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system